IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-HC-2051-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| LEO STEPHENS, ) | |
| ) | |
| Respondent. ) | |

FILED IN OPEN COURT
ON 3/2/2012
Dennis P. Iavarone, Clerk
US District Court
Eastern District of NC

This case comes before the court on Petitioner's Motion for Voluntary Dismissal With Leave of Court and With Prejudice (D.E. 54), and the Settlement Agreement (D.E. 54-1) entered into between the parties. Pursuant to the referral of the presiding District Judge (*see* Docket Notes for D.E. 54) and with the written consent of the parties filed contemporaneously herewith, the undersigned conducted a hearing today to determine whether the Settlement Agreement was knowingly and voluntarily entered into. Respondent was present, along with his counsel and counsel for the government. At the hearing, the court confirmed through direct questioning of respondent under oath and, where appropriate questioning of his counsel, the following matters, among others: respondent's competence to proceed with the hearing; respondent's satisfaction with the services his current counsel has provided him generally and with respect to the Settlement Agreement in particular; respondent's review of the Settlement Agreement with his counsel; respondent's understanding of and agreement to the terms and conditions of the Settlement Agreement, which the court reviewed with respondent paragraph by paragraph; the absence of any promise or assurance to respondent to induce him to enter into the Settlement Agreement not stated in the Settlement Agreement; and the absence of any attempt to force respondent to enter into the Settlement

Agreement. The court also made appropriate inquiry of counsel for the government regarding the voluntariness of the Settlement Agreement and related matters.

Based on the proceedings at the hearing, the court FINDS that respondent was fully competent to enter into the Settlement Agreement and that he knowingly and voluntarily did so after having an adequate opportunity to confer with counsel; and that the government also knowingly and voluntarily entered into the Settlement Agreement.

IT IS THEREFORE RECOMMENDED that the court:

1. allow the government's motion (D.E. 54) and deny as moot respondent's motion to dismiss (D.E. 30);

2. dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2), in accordance with the Settlement Agreement;

3. order that the stay of respondent's release from Bureau of Prisons custody be lifted and that respondent be released from Bureau of Prisons custody forthwith; and

4. order that respondent report to the United States Probation Office for the Southern District of Mississippi within 72 hours of his release in order to comply with the judgment entered by that court in the case of *United States v. Leo Stephens*, Docket No. 4:08CR5HTW-LRA-001 on 2 September 2010 (D.E. 18).

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 5 March 2012 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the District Judge. Any response to objections is due no later than 6 March 2012.

This, the 2nd day of March 2012.

James E. Gates
United States Magistrate Judge